FILED

2011 NOV 18 PM 1:28

US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEGARY L. LUGO,

    Petitioner,

v.                                         Case No. 3:11-cv-1141-J-20MCR

J. ADAMS, et al.,

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a prisoner of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Mandamus (Doc. #1) (hereinafter Petition). Petitioner asserts that prison officials refused to transfer him from his disciplinary confinement cell after he completed his disciplinary confinement, in violation of the applicable regulations. Thereafter, on June 28, 2011, Petitioner's cell-mate, Devon Baker, had a dispute with a correctional officer. In response to this dispute, officers decided to spray inmate Baker with chemical agents. Petitioner requested to be removed from the cell prior to the administration of the chemical agents; however, the officers refused this request and advised Petitioner to "cover up." Petition at 2. Thereafter chemical agents were sprayed into the cell three times, in violation of the applicable regulations. When the chemical agents were deployed, some of the spray hit Petitioner's face. Petitioner contends that he would not have been sprayed with chemical agents if the officers had complied with the regulations at issue. He requests the Court to issue an order requiring prison officials to comply with their regulations. He also requests that the warden be compelled to discipline the officers who violated the regulations.

Petitioner is not entitled to the mandamus relief that he seeks.

> Mandamus, which is an extreme form of equitable relief, "is a writ designed to require an official to perform an act required by law." See Corn v. City of Lauderdale Lakes, 904 F.2d 585, 587 (11th Cir. 1990). Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (2000); see also Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1385 (11th Cir. 1998) (en banc) (recognizing the writ of mandamus may issue to correct a clear abuse of discretion or the failure to carry out a ministerial task). Pursuant to their powers under 28 U.S.C. § 1651, federal courts continue to grant equitable relief, which sometimes are referred to as "writs of mandamus." See generally Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co., 260 F.2d 637, 640 (2d Cir. 1958) (noting courts continue to issue orders that "for brevity, we may still speak of as a mandamus.")

Preferred Sites, LLC v. Troup County, 296 F.3d 1210, 1220-21 (11th Cir. 2002).

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations[.]" In re Bellsouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1981)); see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989). To be entitled to mandamus relief, Petitioner must demonstrate the following: (1) a clear right to the relief he requests; (2) a clear, non-discretionary duty in the Respondent to perform the action sought; and, (3) the absence of an adequate alternative remedy. Mallard, 490 U.S. at 309; Stephens v. Dept. of Health & Human Servs., 901 F.2d 1571, 1576 (11th Cir.), cert. denied, 498 U.S. 998 (1990); District Lodge No. 166. v. TWA Servs. Inc., 731 F.2d 711, 717 (11th Cir. 1984), cert. denied, 469 U.S. 1209 (1985) (quoting Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969)).

Here, Petitioner has not met his burden. He has not shown that he is entitled to this drastic remedy. In fact, Petitioner has an adequate alternative remedy in that he may file a civil rights case in this Court to address the alleged violations of his rights.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**.

2. This case is hereby dismissed without prejudice.

3. The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

4. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Petitioner. If Petitioner elects to initiate a civil rights action in this Court, he may complete and submit these forms. Petitioner should not place this case number on the forms. The Clerk will assign a separate case number. If Petitioner elects to initiate such an action, he shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $350.00 filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida this /8/ day of November, 2011.

United States District Judge

ps 11/18
c:
Legary L. Lugo

3